INDIAN RIVER FISHERIES, INC., *et al.,* v. J. D. GUERIN, by HENRY H. GUERIN, as her next friend.

176 So. 94.
Division A.
Opinion Filed July 19, 1937.
On Rehearing September 22, 1937.

180

*Alto Adams, Thad H. Carlton* and *T. B. Ellis, Jr.,* for Appellants;

*Vocelle & Mitchell,* for Appellees.

PER CURIAM.—The appeal brings for review a final decree of foreclosure of a mortgage.

The appellant has stated five questions which it submits should be answered by the appellate court in disposing of the case.

A careful study of the record convinces us that the real question presented is whether or not Henry H. Guerin, the husband of J. D. Guerin and also the president of the mortgagor corporation and also the president of the mortgagee corporation, which corporations were the grantor and the grantee, respectively parties to the mortgage being foreclosed in this proceeding, was so entitled to be subrogated to the rights of the mortgagee under the terms of the mortgage as to vest him with a foreclosable interest in the mortgage which he could cause to be assigned to his wife and thereby vest in her the right to foreclose.

Indian River Fisheries, Inc., being heavily involved in financial obligations, executed its note and mortgage to Guerin Lumber Company, Inc., in the sum of $6,000.00. Guerin Lumber Company, Inc., upon this note and mortgage and other collateral, procured for the use of Indian

River Fisheries, Inc., the sum of $6.000.00 from a banking institution. A small part of the indebtedness was paid to the bank by the maker of the note and mortgage, the balance with some additional proper expenses and charges was paid by Guerin and his wife. When the obligation to the bank was thus paid off after maturity, Guerin took from the bank a reassignment of the note and mortgage in the name of Guerin Lumber Company, Inc., and thereupon Guerin Lumber Company, Inc., assigned the note and mortgage to J. D. Guerin, the wife of Henry H. Guerin. Mrs. Guerin, by her husband and next friend by amended bill of complaint, sought foreclosure. Defendant Indian River Fisheries, Inc., answered as follows:

"This defendant denies that it is indebted to the Complainant in any sum whatever, and further avers that said note was before the filing of the bill of complaint herein paid in full.

"Further answering the Bill, this defendant denies that the complainant is a *bona fide* holder of said note and mortgage, and further denies that the Complainant purchased the same for a valuable consideration, and this defendant further denies that it was necessary for the complainant to incur the expense of an attorney's fee to foreclose said mortgage.

"And the defendant having fully answered the Bill, further moves to dismiss the same.

"1. Because the said bill is without equity.

"2. Because it does not appear that the complainant, a married woman, has any authority to bring the bill of complaint joined by her husband.

"3. The Bill of Complaint does not have attached to it copies of the alleged assignment."

On hearing the following order was made:

"This cause coming on this day to be heard upon the motion of the defendant, National Ammonia Company, Inc., to dismiss the bill of complaint, and the court believing that the grounds of said motion are not well taken, except the one which raises the question of the manner in which the suit is brought, and the complainant having made application at the hearing for leave to amend the bill of complaint by interlineation so that it will appear that the same is brought by J. D. Guerin, by her husband as next friend; and the movant not objecting to the said interlineation and to the consideration of the motion to the bill as so amended.

"It Is Ordered That the Complainant be allowed to so amend the bill of complaint; that the motion to the same as amended be denied, and that the movant be allowed until December 27th, 1935, to file his answer in the cause."

On final hearing the Chancellor found the following amounts to be due and decreed foreclosure to enforce payment of same, with solicitor's fee and costs, to-wit:

| | |
|---|---:|
| "Principal | $5,307.23 |
| Interest to Sept. 5, 1936 | 1,374.12 |
| Taxes paid on mortgaged property | 816.14 |
| Interest on amount paid for taxes | 70.73 |
| Premiums paid for insurance on mortgaged premises | 415.91 |
| Interest on insurance premiums paid | 30.49 |
| Abstract of title | 13.25 |
| | $8,027.87" |

There is substantial evidence in the record to support the decree. The same should be and is affirmed.

So ordered.

Ellis, C. J., and Terrell and Buford, J. J., concur.

BROWN and CHAPMAN, J. J., concur in the opinion and judgment.

## ON REHEARING.

BUFORD, J.—On petition for rehearing, our attention is called to the fact that the final decree in this case allowed a larger sum for reimbursement of insurance premium paid than was alleged to be due in the bill of complaint by the sum of $143.48.

We find that the record discloses this to be true and, therefore, the decree should be reformed by reducing the amount allowed for reimbursement of insurance premium by the sum of $143.48, or else the court below should allow an amendment of the bill *nunc pro tunc* so that its allegations will conform to the proof in this regard.

Permission is granted the court below to pursue either course which may be deemed advisable in the premises.

Otherwise, the decree stands affirmed.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.